UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELGUIN VARELA HENRIQUES (A-222-597-428),<br>Petitioner,<br>v.<br>WARDEN, California City,<br>Respondent. | No. 1:26-cv-06477 TLN CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Yelguin Varela Henriques (A-222-597-428), a native and citizen of Honduras who is proceeding without counsel, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States in October 2019. On July 15, 2026, petitioner was arrested and detained by immigration officials and has been in continuous detention since this date. This habeas action concerns petitioner's immigration detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17). The Court grants petitioner's request to proceed in forma pauperis. (ECF No. 1 at 7).

## I. FACTUAL BACKGROUND[2]

Petitioner is a 27-year old citizen and native of Honduras. (ECF No. 6-1 at 1.) In October 2019, petitioner entered the United States. (ECF No. 1 at 6.) On July 15, 2026, petitioner was arrested, detained, and issued a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3] (ECF No. 1 at 2; see ECF No. 6-2.) Petitioner has been in continuous detention since July 15, 2026. (ECF No. 1 at 2; see ECF No. 6.) Respondent does not contend that petitioner has a criminal history. (See ECF No. 6.)

## II. PROCEDURAL BACKGROUND

On August 14, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On August 17, 2026, the district judge referred the matter to the assigned magistrate judge for all further proceedings. (ECF No. 4.) On August 14, 2026, respondent timely filed an answer. (ECF No. 6.) Petitioner did not file a reply. (See Docket.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)). Respondent does not contest petitioner's factual allegations. (See ECF No. 6.)

[3] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his continued detention based on the violation of the following:[4] (1) the Fifth Amendment procedural due process clause; and (2) the Fifth Amendment substantive due process clause. (ECF No. 1 at 6-7.) Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition challenging his re-detention as seeking release to raise a statutory claim under the INA and a due process claim under the Fifth Amendment. (See ECF No. 1.) In the response to the petition, respondent appears to have construed the petition to raise the following claims: (1) a statutory claim under the INA; and (2) a Fifth Amendment due process claim. (See ECF No. 6.) Therefore, there is no prejudice to respondent in the Court's construction. (See ECF No. 1.) Respondent does not argue that petitioner is a flight risk or a danger to the community and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) and he is ineligible for a bond hearing. (ECF No. 6 at 1.) Respondent cites Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), in support of their position that § 1225(b)(2)(A) is applicable here. (Id.) Respondent also argues that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. (Id.)

### A. Statutory Claim

This Court must first decide whether petitioner, who has no criminal conviction record and has lived in the United States since October 2019, is subject to discretionary release under

[4] Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's claim as a Fifth Amendment due process claim challenging his detention. (See ECF No. 1.). Petitioner's statement about his entry to the United States at claim three is not construed as a separate claim; this fact is incorporated into his petition. (Id. at 6). Petitioner's claim four titled "irreparable harm" is not construed as a separate claim, but as allegations regarding the remedy requested. (See id. at 7).

§ 1226(a), or whether petitioner is now subject to mandatory detention under § 1225(b)(2)(A), as respondent argues. 8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing. 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).

Respondent contends § 1225(b)(2)(A) applies because petitioner is an "applicant for admission" because he was paroled into the United States and therefore subject to mandatory detention. (ECF No. 6 at 3.). In support, respondent cites its exhibits Form I-213 and Form I-862. (ECF Nos. 8-1, 8-2). Form I-213 does not indicate that petitioner was ever paroled into the United States, and the narrative indicates that petitioner has no prior immigration history. (ECF No. 8-1). The Notice to Appear (Form I-862) includes a factual allegation that petitioner was not paroled by an immigration officer. (ECF No. 8-2). Therefore, respondent's assertion that petitioner is in "applicant for admission" because he was paroled into the United States is not supported by the evidence the government submitted.

The Ninth Circuit decided this issue in Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondent's argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165.

The majority of courts nationwide agree, rejecting respondent's new interpretation[5] of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondent's arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, respondent's argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails. This Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because petitioner has resided in this country for approximately seven years since his arrival in October 2019, and petitioner's July 2026 arrest and detention were not upon arrival to the United States. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings, 583 U.S. at 306 (citing

[5] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz, 53 F.4th at 1196.

8 C.F.R. § 236.1(d)(1)). If, at this hearing, the detainee demonstrates that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the immigration judge will order his or her release. Rodriguez Diaz v. Garland, 53 F.4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). As such, petitioner should have been provided with the opportunity for a bond hearing following his detention and is entitled to relief on the statutory claim.

### B. Petitioner's Other Claim for Relief

Because the Court recommends granting the petition on the statutory claim, the Court need not address any additional due process claims raised in the petition. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to the statutory claim.

## V. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory claim.

Accordingly, IT IS HEREBY ORDERED that petitioner's request to proceed in forma pauperis (ECF No. 1) is granted.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondent be ordered to IMMEDIATELY release petitioner Yelguin Varela Henriques (A-222-597-428) and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondent has custody of petitioner's personal possessions and documents (e.g., identification, passport, work permit, Social Security card, etc.), respondent shall return those to petitioner at the time of release.

3. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).
4. Given petitioner's pro se status, respondent be directed to file, within **seven days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.
5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 8, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/vare6477/imm/10.