UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELGUIN V.H.,[1]<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,[2] et al.<br>Respondents. | No. 1:26-cv-06477-TLN-CSK<br>A# 222-597-428<br>**RELEASE ORDER** |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] The Court may sua sponte add a party. Fed. R. Civ. P. 21. Here, although Petitioner names "U.S/General Attorney/ICE," rather than his direct custodian as respondent, Petitioner clearly challenges his detention at California City Immigration Processing and release from that facility. (ECF No. 1 at 1.) The Court liberally construes the Petition as naming the warden and accordingly adds the warden of the California City Immigration Processing Center as a respondent. *See, e.g., Urena v. Warden, Otay Mesa Dentention Ctr.*, No. 26-cv-323-JO-DDL, 2026 WL 362082 (S.D. Cal. Feb. 9, 2026) (adding warden of detention facility as respondent in pro se matter).

On October 8, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 7.) Respondents filed objections to the findings and recommendations "for the reasons stated in its prior pleadings," and the Court has considered those objections herein. (ECF No. 8.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 7) are ADOPTED in full and as set forth below.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Respondents are ordered to IMMEDIATELY release Petitioner Yelguin V.H. (A# 222-597-428) and is ordered to provide Petitioner with a copy of the release order at or near the time of release. Respondents shall return Petitioner's documents and possessions at the time of release. Respondents shall file a **notice of compliance** with this provision within **two (2) court days** from the date of this Order.

4. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

5. The Clerk of the Court is directed to serve **California City** with a copy of this order,

enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: October 19, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE